IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : CASE NO.: 7:25-CR-29 (WLS) |
| | : |
| MICHELLE MEADOWS, et al., | : |
| | : |
| Defendants. | : |
| | : |

## ORDER

Before the Court is the Government's Motion to Declare Case Complex (Doc. 61). For the reasons discussed below that Motion is **GRANTED**.

## I.   PROCEDURAL BACKGROUND

On November 18, 2025, the Government filed a two count Indictment (Doc. 1) against Defendants Michelle Meadows, Russell B. Meadows, Heather Danielle Edmondson, James R. Shivers, Jr., Ashlin Meadows, Blake Woodruff, and Haiden Hall Childree.[1] Count I charges all Defendants with Conspiracy to Traffic in Counterfeit Goods in violation of 18 U.S.C. § 2320(a). Count II charges Defendants Michelle Meadows and Edmondson with Tampering, in violation of 18 U.S.C. § 1512(c). The Indictment alleges that Defendants entered into a conspiracy to execute a complex scheme to fraudulently sell handbags, sunglasses, wallets and other goods bearing counterfeit marks of companies that had lawfully registered such marks with the US Patent and Trademark Office. (Doc. 1). The Indictment further alleges that Defendants Michelle Meadows and Edmondson tampered with evidence by burning said counterfeit items with the intent to impair the integrity and availability of those items for use as evidence in an official proceeding.

Of the seven Defendants in the case, five have made an initial appearance: Defendants Michelle Meadows, Russell Meadows, Ashlin Meadows, Woodruff, and Childree. With respect to the other two Defendants, Edmondson and Shivers, the Government represents that they are in custody on other matters and awaiting initial appearance in the initial case. As a result,

---

[1] Hereinafter, Defendants will be referred to as "Defendant [surname or family name]."

at the time of the entry of this Order, only Defendants Michelle Meadows, Russell Meadows, Ashlin Meadows, Woodruff, and Childree are represented by counsel.

The Government states that Counsel for Defendants Michelle Meadows, Russell Meadows, Ashlin Meadows, Woodruff, and Childree each indicated that they had no objection to the Government's Motion to Declare the Case Complex. (Doc. 61 ¶ 10).

## II.   MOTION TO DECLARE CASE COMPLEX

The Government moves the Court to declare the case complex pursuant to 18 U.S.C. § 3161(h)(7)(B), extend the deadlines in the standard pretrial order, and specially set trial. (Doc. 61). As noted, the Defendants who are represented by counsel at the time of the entry of this Order do not object to the Government's Motion. (Doc. 61 ¶ 10).

The Speedy Trial Act permits a district court to grant a continuance of the trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides a number of factors the Court must consider when granting a continuance or extension. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice, whether the case is especially unusual or complex, or whether the case is unusual or complex enough that the failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

Here, the Court finds that this case is complex and that the ends of justice served by ordering a continuance under 18 U.S.C § 3161(h)(7)(B) outweigh the best interest of the public and the Defendants in a speedy trial. The court finds this case complex for three reasons.

First, based on the nature of the charges, the discovery in the case is voluminous, involving allegations of fraud spanning the course of three and a half years. (Doc. 61 ¶ 4). Thirteen Grand Jury subpoenas were issued to obtain various business and bank records. (*Id.*). There are over 1,200 PDF documents, 600 emails, and over 1.5 terabytes of text conversations and the Government anticipates seeking a Protective Order. (*Id.*). As a result, the Government stated they will need a significant period of time to review discovery and that there will be a needed delay to provide discovery materials beyond that typically outlined in the Standard Pretrial Order. (Doc. 61 ¶ 4-5). Second, all of the physical evidence seized is located in the

Middle District of Georgia and Government will need notice from defense counsel to coordinate the inspection of said evidence, which may further delay discovery. (Doc. 61 ¶ 7). Third, the Government also estimates that if all Defendants who are currently indicted were to go to trial, that trial would take, at least, one to two weeks, not including defense or rebuttal witnesses.

For good cause shown, the Government's Motion (Doc. 61) to declare the case complex is **GRANTED**. The above-captioned matter is, therefore, **CERTIFIED COMPLEX**. Accordingly, it is, **ORDERED**, that the matter be **EXCLUDED FROM COMPUTATION** under 18 U.S.C. § 3161 for the aforementioned reasons. As a result, the pretrial conference set for Tuesday, December 30, 2025, at 3:00 P.M. is **CANCELLED** and other deadlines set out in the above case are hereby **CONTINUED** beyond the time limitations set by the Speedy Trial Act. The parties are hereby **ORDERED** to confer and then meet no later than thirty (30) days after the filing of this Order. Counsel shall prepare a joint proposed discovery order to govern discovery and relevant deadlines and submit the same to the Court no later than Monday, February 16, 2026. Thereafter, if necessary, the Court will notice a discovery conference by separate order. A special trial date will be set following the status conference or as may otherwise be ordered by the Court.

**SO ORDERED**, this 17th day of December 2025.

                                                        **/s/ W. Louis Sands**
                                                        **W. LOUIS SANDS, SR. JUDGE**
                                                        **UNITED STATES DISTRICT COURT**